## Mueller v. Bracey

*Allen L. Feingold*, for plaintiff.
*Jonathan Wheeler*, for defendant Bracey.
*Richard W. Hopkins*, for defendant Cassalia.

BRADLEY, *P.J.*, October 8, 1979—Plaintiff has brought this action to obtain reimbursement from his insurance companies for alleged theft losses.

Defendant insurance companies (Bracey) have denied coverage alleging that in filling out his policy application plaintiff supplied fraudulent information concerning past theft losses. Plaintiff in his complaint alleges that the application was filled out with the assistance of additional defendant Cassalia who is an agent of defendant companies. In response, the companies have filed new matter which asserts, among other things, that Cassalia was either an independent contractor or an agent of plaintiff. Plaintiff has filed preliminary objections to this new matter arguing that it is merely a denial of plaintiff's averment as to Cassalia's status and is therefore impermissible under Pa.R.C.P. 1030. That rule provides in pertinent part: ". . . A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading."

Defendants' new matter does more than merely deny that Cassalia is an agent, servant or employe of defendants. It makes the affirmative averment that Cassalia worked either for himself or for plaintiff. In conjunction with this averment, defendants have joined Cassalia as an additional defendant.

The correct way for plaintiff to respond to defendants' new matter is to file a reply pursuant to Pa.R.C.P. 1029. Otherwise, defendants' affirmative averments as to Cassalia's status will be deemed admitted.

Accordingly, the following order is entered.

## ORDER

And now, October 2, 1979, it is hereby ordered and decreed that plaintiff's preliminary objections

to defendant Bracey's new matter are dismissed. Plaintiff shall have 20 days in which to file a reply to said new matter.